**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. CR05-0057 |
| vs. | | **REPORT AND RECOMMENDATION** |
| EDWARD HAROLD COREY, | | |
| Defendant. | | |

_____

This matter comes before the court pursuant to the defendant's July 5, 2006, pro se motion to withdraw his guilty plea and August 4, 2006, motion to proceed pro se (docket numbers 68 and 74 respectively). By order dated September 8, 2006, these motions were denied without prejudice to reassertion upon completion of proceedings necessary to determine the defendant's competence.

Within the past two weeks, the evaluations to determine the defendant's competence have been completed. As a result of those examinations, the defendant has decided to abandon any claim that he is incompetent to proceed. Despite some fairly bizarre correspondence from the defendant to the court, the court is convinced that the defendant is competent to proceed. That finding is enhanced by the discussion between the court and the defendant at a hearing held December 20, 2006. The defendant was lucid, articulate, and appropriate in every sense.

At the hearing, the defendant indicated that he did not wish to proceed pro se. He is satisfied with his representation from the Federal Public Defender's Office. He requested an opportunity to address the court with respect to his motion to withdraw his guilty plea. He recognized that the Public Defender's Office had a conflict of interest in

presenting such a motion on his behalf. Out of an abundance of caution, the court heard the defendant's pro se motion to withdraw his guilty plea.

The defendant is charged with escape from federal custody. He contends that he was on parole for a pre-Sentencing Guidelines offense at the time he resided at the Gerald Hinzman Center. Therefore, he contends that his failure to report back to the Hinzman Center after being released to secure a state identification document should be treated as a violation of parole for which he should see a parole commission. The government contends that it was an escape from confinement that can be prosecuted pursuant to 18 U.S.C. § 751(a). His attorney, Assistant Federal Public Defender Jane Kelly, acquired the appropriate Bureau of Prisons records in an effort to determine the defendant's exact status when he walked away from the Gerald Hinzman Center and did not return.

The issue concerning the defendant's confusion about his status was discussed before and during the defendant's entry of a guilty plea. He now wants to withdraw his guilty plea so that he can prove that he did not specifically intend to leave confinement. Rather, he wants to claim that he believed he was just violating his parole.

At the hearing, the court asked the defendant if he would still seek to withdraw his guilty plea if he was unable to present his intended defense at trial. The defendant very clearly stated that if he were not allowed to present that defense, he would not continue to seek to withdraw his guilty plea.

The Eighth Circuit Model Jury Instructions make it clear that the government would have to prove the following elements before the defendant could be convicted. First, the government would have to prove that the defendant was in the custody of the Attorney General of the Bureau of Prisons. Second, it would have to prove that the defendant was in custody by virtue of a felony conviction. Third, it would have to prove that the defendant left custody without authorization. Finally, the government would have to prove that the defendant knew that he was leaving custody without authorization. See Model Jury Instruction 6.18.751.

The Supreme Court of the United States has addressed the scienter requirement for 18 U.S.C. § 751(a) in United States v. Bailey, 444 U.S. 394 (1980). In Bailey, the Court held that the prosecution fulfills its burden under § 751(a) if it demonstrates that an escapee knew his actions would result in his leaving physical confinement without permission. See Bailey at 408. The Supreme Court held that "escape" means simply absenting oneself from custody without permission. Bailey at 408.

Pursuant to the Model Jury Instructions and the decision of the Supreme Court in Bailey, this court is convinced that the defendant would not be permitted to present a defense at trial suggesting that he lacked an intent to leave custodial confinement as opposed to confinement as a condition of parole. Because the defense asserted is not available to this defendant, there is no justification for withdrawing his guilty plea and no point in him proceeding to trial.

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[1] to the Report and Recommendation within ten (10) days of the date of the report and recommendation, that the defendant's motion to withdraw his guilty plea be denied.

December 26, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT

---

[1]Any party who objects to this report and recommendation must serve and file specific, written objections within ten (10) court days from this date. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.