# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 05-CR-57-LRR |
| vs. | **ORDER** |
| EDWARD HAROLD COREY, | |
| Defendant. | |

## TABLE OF CONTENTS

*I.    INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.   PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.  STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*IV.   LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *A.    Standards and Burdens* . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *B.    "Fair and Just Reason" and the Boone Factors* . . . . . . . . . . . . . . *4*

*V.    CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

## I. INTRODUCTION

Before the court are Defendant's *pro se* Motion to Withdraw Guilty Plea (docket no. 68), *pro se* Motion to Proceed Pro Se (docket no. 74) (collectively referred to as "Motions"), the Report and Recommendation recommending the denial of the Motions (docket no. 115), Defendant's *pro se* Objections to the Report and Recommendation (docket no. 116) and Defendant's Supplement to his Objections (docket no. 117).

## II. PROCEDURAL BACKGROUND

On June 22, 2005, Defendant was charged in a one-count Indictment with escape from the Gerald Hinzman Center in Cedar Rapids, Iowa, where he was confined at the direction of the Attorney General upon his conviction in the Southern District of Iowa for bank robbery; such escape was in violation of 18 U.S.C. §§ 751(a) and 4082.

On November 3, 2005, Defendant pled guilty to the charge in the Indictment without a plea agreement before Chief Magistrate Judge John A. Jarvey. Magistrate Judge Jarvey recommended that the court accept Defendant's guilty plea. The undersigned accepted Defendant's plea on November 21, 2005.

Within nine days of the release of the presentence report, Defendant began writing letters to the court and filing pro se motions for a new attorney, for recusal of the undersigned and to transfer venue. Shortly thereafter, defense counsel requested a psychiatric examination of Defendant to determine competence and filed a motion to continue Defendant's sentencing hearing. Sentencing was delayed to accommodate a competency examination. During this period of time Defendant filed the instant Motions. Magistrate Judge Jarvey delayed ruling on the Motions until the issue of competency was resolved.

On December 22, 2006, after Defendant was determined to be competent, Magistrate Judge Jarvey held a hearing on the Motions ("Hearing"). During the Hearing, Defendant, through counsel, withdrew his Motion to Proceed *Pro Se* and argued his Motion to Withdraw Guilty Plea. On December 26, 2006, Magistrate Judge Jarvey issued a Report and Recommendation which recommends the denial of the Motions. Defendant filed *pro se* Objections to the Report and Recommendation on January 5, 2007. On January 10, 2007, Defendant, through his attorney, filed a Supplement to Defendant's *pro se* Objections.

### III. STANDARD OF REVIEW

The district court judge is required to make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which a movant objects. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). The district court judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); *see also United States v. Trice*, 864 F.2d 1421, 1424 (8th Cir. 1988). Defendant made specific, timely objections to the portion of the Report and Recommendation that recommends the denial of his Motion to Withdraw Guilty Plea. Therefore *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made" is required. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R.Civ.P. 72(b) (requiring *de novo* review of a magistrate judge's report and recommendation on dispositive motions).

### IV. LEGAL ANALYSIS

#### A. Standards and Burdens

Federal Rule of Criminal Procedure 11(d) governs the withdrawal of a defendant's guilty plea and provides the following:

> A defendant may withdraw a plea of guilty or nolo contendere:
>
> (1) before the court accepts the plea, for any reason or no reason; or
>
> (2) after the court accepts the plea, but before it imposes sentence if:
>
> > (A) the court rejects a plea agreement under Rule 11(c)(5); or
> >
> > (B) the defendant can show a fair and just reason for requesting the withdrawal.

3

Fed. R. Crim. P. 11(d). In order to withdraw a plea under Rule 11(d), a defendant bears the burden of establishing a "fair and just reason" for the withdrawal. *United States v. Morales,* 120 F.3d 744, 747 (8th Cir. 1997). Although a defendant bears the burden of establishing grounds for withdrawal of a guilty plea, that does not mean that the court is required to hold an evidentiary hearing on a defendant's motion to withdraw a guilty plea. *United States v. Wojcik,* 60 F.3d 431, 433 (8th Cir. 1995). A hearing may properly be denied where the allegations in the motion to withdraw a guilty plea are inherently unreliable or are not supported by specific facts. *United States v. Hughes,* 16 F.3d 949, 951 (8th Cir. 1994), *cert. denied*, 513 U.S. 897 (1994). A hearing may also be denied where the grounds or allegations, even if true, would not provide any legally sufficient basis for withdrawal of the plea. *Wojcik,* 60 F.3d at 433.

It is for the court, in its sound discretion, to determine whether or not a defendant in a particular case has borne his or her burden to prove a "fair and just reason" for withdrawal of a guilty plea, and the court's determination will be reversed only for an abuse of that discretion. *United States v. Jones,* 111 F.3d 597, 601 (8th Cir. 1997).

### *B. "Fair and Just Reason" and the* **Boone** *Factors*

Under Rule 11(d)(2)(B), when a motion to withdraw is made before sentence is imposed, the court may grant the motion "if the defendant shows any fair and just reason." However, few circumstances provide "fair and just reason" for withdrawal of a guilty plea. The Eighth Circuit Court of Appeals has said that, "'Rule 11 proceedings are not an exercise of futility. The plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom.'" *See, e.g., United States v. Newson,* 46 F.3d 730, 732 (8th Cir. 1995) (quoting *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)). Consequently, when a defendant has entered a knowing and voluntary plea of guilty and has acknowledged committing the crime charged, "'the occasion for setting

aside a guilty plea should seldom arise.'" *Newson,* 46 F.3d at 732 (quoting *Morrison,* 967 F.2d at 268, in turn quoting *United States v. Rawlins,* 440 F.2d 1043, 1046 (8th Cir. 1971)). Thus, as a general principle, whether a particular ground presents a "fair and just reason" for granting a Rule 11 motion to withdraw a guilty plea is weighed in light of whether the record reveals that the defendant's guilty plea was entered knowingly, voluntarily and after adequate representation by counsel and whether the asserted ground is adequately supported by the record, not merely by conclusory assertions. *See, e.g., United States v. Thompson,* 906 F.2d 1292, 1299 (8th Cir. 1990).

In *United States v. Hyde,* 520 U.S. 670 (1997), the United States Supreme Court used this "fair and just reason" standard to review a motion made after a plea had been accepted but while the court had the plea agreement under advisement. The Court stated that allowing a defendant to repudiate a guilty plea for insufficient reason would "degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *Id.* at 1634.

Once the court determines that a defendant has a "fair and just reason" for withdrawing his plea, the court may consider a variety of additional factors to aid in determining whether the defendant should be permitted to withdraw the plea, such as whether the defendant asserts actual innocence, the length of time between the plea and the motion to withdraw and prejudice to the government—the *Boone* factors. *See United States v. Boone,* 869 F.2d 1089, 1091-92 (8th Cir. 1989). If, however, a defendant does not present a "fair and just reason" for withdrawal of a guilty plea, there is no need for the court to examine the *Boone* factors. *See United States v. Gray,* 152 F.3d 816, 819 (8th Cir. 1998); *United States v. Abdullah,* 947 F.2d 306, 311 (8th Cir. 1991).

Defendant's reason for seeking to withdraw his guilty plea is based on a legal argument. Defendant admitted the factual basis for a finding of guilt when he entered his

plea. During the plea hearing, Defendant admitted that he intentionally did not return to the Hinzman Center within the time prescribed. In his Objections to the Report and Recommendation which recommends the denial of his Motion to Withdraw Guilty Plea, Defendant continues to admit his conduct. However, he claims he is not guilty of the offense because he thought he was on parole at the time he left the Hinzman Center. Defendant asserts that, had he known he was not on parole, he would have returned to the Hinzman Center within the prescribed time. Defendant told Magistrate Judge Jarvey at the Hearing that, if his mistake as to his status could not be presented as a defense to the charge of escape during a jury trial, he did not want to withdraw his guilty plea.

The court agrees with Magistrate Judge Jarvey on the elements of the crime of escape. In order to be found guilty of the offense, Defendant would have to admit to, or a jury would have to find, each of the following elements:

1. Defendant was in the custody of the Attorney General;

2. The custody was by virtue of a felony conviction;

3. Defendant left custody without authorization; and

4. Defendant knew he was leaving custody without authorization.

Title 18 United States Code sections 751(a) and 4082; *see also* Eighth Circuit Model Jury Instruction 6.18.751 (2005).

The scienter requirement for a conviction under 18 U.S.C. § 751(a) is addressed in *United States v. Bailey*, 444 U.S. 394 (1980), wherein the United States Supreme Court held that "escape" for purposes of the statute means simply that a person has absented himself from custody without permission. *Id*. at 408. The government need only prove that the escapee knew his actions would result in him leaving physical confinement without

6

permission. *Id*. Thus, Defendant's assertion that he believed he was on parole when he left custodial confinement would not be a defense to the crime of escape.

Because Defendant would not be able to assert the defense he suggests, there is not a "fair and just reason" for withdrawal of Defendant's guilty plea. Therefore there is no need for the court to examine the *Boone* factors. *Gray,* 152 F.3d at 819 (noting that the court need not examine the *Boone* factors if the defendant has not met his initial burden of proving a "fair and just reason" for withdrawing his guilty plea). Accordingly, Defendant's Objections to the Report and Recommendation shall be overruled.

## V. CONCLUSION

For all of the foregoing reasons, the court finds as follows:

(1) Defendant Edward Harold Corey's Motion to Proceed Pro Se (docket no. 68) is **DENIED** as moot because it was withdrawn;

(2) Defendant Edward Harold Corey's Motion to Withdraw Guilty Plea (docket no. 74) is **DENIED**;

(3) The court **ADOPTS** Magistrate Judge Jarvey's December 26, 2006 Report and Recommendation (docket no. 115); and

(4) The sentencing hearing will be held on January 23, 2007 as previously scheduled.

**DATED** this 22nd day of January, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA